UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-30031-RGS

UNITED STATES OF AMERICA

v.

KELLY ARZATE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 4, 2013

STEARNS, D.J.

Defendant's motion to dismiss is based on a serious premise, but one on which this court, in light of the controlling precedent of the Court of Appeals, is powerless to act. Boiled down to its essentials, defendant Arzate argues that the revocation proceeding, in which the court was authorized to impose a term of incarceration (on a finding of a violation of the conditions of supervised release, which is not contested), violated his Sixth Amendment right to a grand jury presentment and jury trial.[1] More closely, defendant argues that the analogy courts have drawn between parole and probation violation hearings and supervised release revocations is "fundamentally flawed," and at odds with the teachings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The inescapable fact is that the Court of Appeals in *United States v. Smith*, 500 F.3d 27, 31 (1st Cir. 2007), and *United States v. Work*, 409 F.3d

---

[1] This assumes, as is the case, that the sentence imposed exceeds six months. *See Baldwin v. New York*, 399 U.S. 66, 74 (1970).

484, 491-492 (1st Cir. 2005), rejected the very same arguments being advanced here. Nonetheless, because I am not persuaded that the last chapter in the *Apprendi* line of cases has been written, *cf. Southern Union Co. v. United States*, 132 S.Ct. 2344 (2012), I take note of the fact that defendant has not waived his right of appeal, nor do I deem it to have been waived by virtue of his stipulation to a violation of his conditions of release.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>DENIED</u> without prejudice.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE